Williams, J.
The statute which makes the secretary of state ex officio the state supervisor of elections contains the following provision: “On or before the first Monday in August, 1892, such state supervisor shall appoint four deputy state supervisors for each county in this state, who shall be qualified electors of the county for which appointed. For the first appointment, two members shall be appointed for a term of one year, and two for a term of two years from the first Monday in August in 1892. One member so appointed for one year and one for two years shall be from the political party which cast the highest number of votes at the last preceding November election for governor or secretary of state. The other two members shall be appointed from the political party which cast the next highest number of votes for such officer at said November election. Thereafter ap *316 pointments shall be made annually for two deputy state supervisors for each county for the term of two years, which appointments shall be from two political parties which cast the highest and the next highest, number of votes at the last preceding November election for governor or secretary of state.” Section 2966-3. As the first Monday in August in the year 1892, was the first day of that month, that became the day of the month, on or before which subsequent appointments of deputy state supervisors were and are to be made as required by the foregoing provision, and such appointments continue for the term of two years thereafter. State v. Neibling, 6 Ohio St., 40-42; State v. Handy, 51 Ohio St., 204. The statute contains the further provision that, “if the executive committees of the two political parties in the county casting the highest and the next highest number of votes in this state at the last preceding November election, recommend qualified persons to the state supervisor at least ten days before the appointment is made, then the state supervisor shall appoint the persons so recommended to. the number to which such party is entitled; but if no such recommendation is made, the state supervisor shall make the appointments agreeably to the-provisions herein contained.”
These statutory provisions are mandatory in terms, enjoining on the state supervisor of elections the duty of appointing, each year, at the time named, one-deputy supervisor of elections for each county from each of the two political parties that, at the preceding November election, cast the highest and the next highest number of votes for governor or secretary of state, and requiring him to appoint the person recommended by the county executive committee of such *317 party, when he possesses the necessary qualifications, and the recommendation has been properly made within the required time. The obvious purpose of the statute is to allow the designated political parties, through the executive committee appointed by them, to select their own representation on the county board of elections; and when their recommendation is properly made, the state supervisor is not at liberty to disregard it and appoint another person of his own choice. He is called upon to decide in the first instance whether the person recommended is qualified and the recommendation is made by the proper committee within the proper time. But his decision when contrary to the fact, in either respect, is open to correction by the courts.
The real defense made in this case is, that the relator was not properly recommended for appointment because his recommendation was not authorized by regular action had at an organized meeting of the committee. There was no resolution or motion favoring the relator’s recommendation adopted while the committee was in session; but we have discovered nothing in the statute which requires that manner of recommendation, or the observance of any particular formality. The committee is merely an agency of convenience, whose members are usually chosen by convention to look after the local interests of the party, and they are neither required to keep a record, nor to conform their proceedings to any particular rules or regulations. It bears little or no analogy either in its character or functions to those boards and bodies which are clothed with the power of imposing public burdens and of making contracts in their corporate capacity, and which can therefore act only in organized meetings required by *318 law; nor, to those governed by parliamentary usage. In the absence of special intructions from the convention which chooses the members of the committee, (and there does not appear to have been any in this, case,) they must necessarily determine their own mode of action; and, no other mode having been adopted, the concurrence of all the members, authenticated by their signatures, in any measure within the scope of their authority, would seem to be sufficient for all the practical purposes of such a committee. It is not doubted that the relator, when his recommendation was filed with the defendant, was, and still is, a citizen and elector of Sandusky county, lacking no-qualification necessary to entitle him to receive the appointment of deputy state supervisor of elections, for that county; nor that his recommendation is the genuine instrument which it purports to be, and was-filed within the time required by law. The recommendation was in substantial conformity with the statute, and sufficiently expresses the wish of the committee for the relator’s appointment as a deputy supervisor of elections of Sandusky county. His right to the appointment is a statutory one, which the defendant in the performance of his official duties was bound to recognize.
It is claimed in argument, however, that mandamus, is not the proper remedy of the relator, because the title to an office is involved, the only method of trying which is by proceeding in quo warranto. This is-not a proceeding to oust the occupant of an office, or-determine his right to its possession.- Its purpose is to obtain the necessary evidence of the relator’s right to demand the place to which he should have been appointed. The appointment of the defendant is a preliminary step essential to the establishment of that *319 right, and must necessarily precede an action in quo warranto against the occupant of the office. For, until the appointment shall he made, the relator is not an officer de jure, nor entitled to demand of the occupant the possession of the office, or maintain an action for its possession. In an action of that kind the occupant, is the only proper party defendant. In this action the state supervisor of elections is the only proper defendant; and the action is closely analogous to one in mandamus to compel a canvassing officer or board to issue a certificate of election to a person entitled thereto. Such an action does not determine the title to the office, but its only result, if successfully maintained, is to put the party in a position to contest the claimant’s title by quo warranto. This view is: sustained by authority. Ellis v. County Commissioners, 2 Gray, 370; Elisha Strong’s Cases, 20 Pick., 484; Groome v. Gwinn, 43 Md., 574; People v. Hilliard, 29 Ill., 413; Merrill on Mandamus, Section 146.

Peremptory torit awarded.